**NOT RECOMMENDED FOR PUBLICATION**

No. 22-1767

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 23, 2023
DEBORAH S. HUNT, Clerk

JAMES STEWART,

Plaintiff-Appellant,

v.

CONNIE HORTON, former Warden, et al.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

O R D E R

Before: SILER, COLE, and DAVIS, Circuit Judges.

James Stewart, a Michigan prisoner proceeding pro se, appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In June 2022, while in custody at Baraga Correctional Facility (AMF), Stewart filed a complaint against Chippewa Correctional Facility (URF) Warden Connie Horton and four correctional officers, concerning events that took place at URF. Stewart asserted that correctional officers lost his books, legal paperwork, and other property; that the lack of access to his property deprived him of proper hygiene for two weeks; and that Horton failed to respond to his letter regarding his lost property, resulting in violations of his Fourth, Eighth, and Fourteenth Amendment rights.

Stewart claimed that his missing property included 42 books, a presentence investigation report, a police report, transcripts, grievances, and healthcare requests. Stewart identified four correctional officers involved in the loss of his property, including the officer who signed the "pack

up slip" that showed his property missing, the officer who removed books from his cell, the officer who shackled Stewart when he was transferred to AMF, and the unit officer who he alleged had a duty to protect his property. Stewart alleged that the removal of his property from his cell was captured by the security camera. Lastly, Stewart alleged that he went two weeks without socks and shower shoes and with only one pair of underwear and a jumpsuit.

Upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), the district court dismissed the complaint for failure to state a claim. The district court construed Stewart's allegations concerning his lost legal paperwork as a First Amendment access-to-the-courts claim that failed because he did not allege that the loss of the papers hindered his ability to pursue any nonfrivolous legal claim. The district court concluded that Stewart's remaining claims failed because he had no expectation of privacy in his prison cell under the Fourth Amendment, his temporary hygiene inconveniences did not rise to the level of an Eighth Amendment violation, and he did not allege the absence of adequate post-deprivation state remedies for his loss of property under the Fourteenth Amendment.

We review de novo a district court's sua sponte dismissal under §§ 1915(e)(2) and 1915A and § 1997e(c), which require a district court to screen and dismiss any portion of a complaint that is frivolous or malicious or fails to state a claim upon which relief can be granted. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

First, Stewart failed to allege sufficient facts to state an access-to-courts claim. Prisoners enjoy a constitutional right to access to the courts under the First and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). But this is not an "abstract, freestanding right to a law library or legal assistance," and the plaintiff must allege an "actual injury" to state a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Stewart argues the district court erred in dismissing his access-to-courts claim, asserting that he had to accept a "deal" in two pending civil cases because of the missing paperwork and needed his presentence report to show an inconsistency in a witness statement that could help him get a retrial. But viewing "the facts only from the complaint," *Siefert*

*v. Hamilton County*, 951 F.3d 753, 757 (6th Cir.), *cert. denied*, 141 S. Ct. 896 (2020), Stewart did not allege that he suffered an actual injury from the defendants' actions. And although Stewart attempts to elaborate on this claim on appeal, he still does not show that he was prevented from pursuing a nonfrivolous legal challenge to his conviction or conditions of confinement, as required to state a viable access-to-the-courts claim. *Cf. Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (remanding case for the plaintiff to amend the complaint where his post-dismissal filings suggested that he had a valid access-to-the-courts claim); *see also Lewis*, 518 U.S. at 356.

Next, the loss of Stewart's property was not a Fourth Amendment violation. Stewart argues the district court erred because his claim did not concern the search of his cell, but the destruction of his property. But "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells," *Hudson v. Palmer*, 468 U.S. 517, 530 (1984), nor does it apply to the destruction of personal items in a cell, *see id*. at 528 n.8.

Likewise, Stewart did not state an Eighth Amendment violation. "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Stewart argues that the district court erred in dismissing this claim because he had no access to hygiene products for two weeks, which resulted in a foot rash and an infected tooth. But Stewart did not mention these injuries or a lack of access to soap and toothpaste in his complaint, and he cannot do so for the first time on appeal, even though pro se litigants like Stewart are held to less stringent pleading standards. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328-29 (6th Cir. 2006). As for the allegations he did raise in his complaint, two weeks of reduced access to shower shoes, socks, and extra clothing items did not deprive Stewart "of the minimal civilized measure of life's necessities." *Harden-Bey*, 524 F.3d at 795 (quoting *Rhodes*, 452 U.S. at 347).

Lastly, Stewart failed to state a due process claim. Stewart argues that the district court erred in dismissing his due process claim because he "filed the proper paperwork" for his lost property but did not receive a response. A prisoner deprived of property through an intentional or negligent random and unauthorized act of a state employee lacks an actionable due process claim

where adequate state post-deprivation remedies exist. *See Hudson*, 468 U.S. at 533; *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010). Regardless of whether Stewart's property was intentionally destroyed or simply lost, he alleged an unauthorized deprivation in violation of established procedures and thus was required to plead a lack of adequate state post-deprivation remedies. *See Stanley*, 602 F.3d at 769. We have held that Michigan "provides several adequate post-deprivation remedies" for prisoners who are negligently or intentionally deprived of property by state officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (per curiam). Although Stewart asserts that he wrote to Horton and never received a response, there were other remedies available. *See id.* (citing Mich. Comp. Laws §§ 24.201-.403 and Mich. Comp. Laws §§ 791.251-.255).

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk